IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

| | | |
|---|---|---|
| **KANTON TALLEY,** | ) | |
| | ) | |
|     **Movant,** | ) | |
| | ) | |
| v. | ) | **Civil Action No. 3:16-06179** |
| | ) | **Criminal Action No. 3:05-00207** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
|     **Respondent.** | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court are the following: (1) Movant's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (Document No. 117); and (2) The United States' Motion to Dismiss (Document No. 121). By Standing Order, this matter was referred to the undersigned for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 119.)

**FACTUAL BACKGROUND**

**1.**    **Criminal Action No: 3:05-00207:**

On February 14, 2006, Movant pled guilty to one count of Aiding and Abetting the Distribution of 50 Grams or More of Cocaine Base in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count One); and one count of Use and Carry of a Firearm During and in Relation to a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1) (Count Two). (Criminal Action No. 3:05-00207, Document No. 42 - 45.) A Presentence Investigation Report was prepared. (Id., Document No. 69.) The District Court determined that Movant had a Base Offense Level of 32, and a Total Offense Level of 29, the Court having applied a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). (Id., p. 2.) The District Court sentenced Movant

on May 23, 2006, to serve a total term of 200 months of imprisonment consisting to "140 months as to count one and a consecutive 60 months as to count two." (Id., Document No. 53-1.) The District Court directed that Movant's sentence was to "run concurrent to the two 4-year terms of incarceration in Ohio case number 05-cr-100 as of May 16, 2005." (Id., Document No. 53-1.)The District Count further imposed a total term of five years supervised release, a $200 special assessment, and a fine of $1,000. (Id.) Movant did not appeal his conviction or sentence to the Fourth Circuit Court of Appeal.

**2.     First Section 2255 Motion:**

On June 28, 2007, Movant filed his first Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Civil Action 3:07-0407, Document No. 54.) As grounds for *habeas* relief, Movant asserted the following: (1) "Movant is detained in violation of the Fifth Amendment;" and (2) Ineffective Assistance of Counsel. (Id.) The United States filed its Response in Opposition on July 20, 2007. (Id., Document No. 60.) Movant filed his Reply on September 17, 2007. (Id., Document No. 65.) By Proposed Findings and Recommendation entered on August 27, 2010, United States Magistrate Judge R. Clarke VanDervort recommended that Movant's Section 2255 Motion be denied. (Id., Document No. 93.) By Memorandum Opinion and Judgment Order entered on September 16, 2010, United States District Judge Robert C. Chambers adopted Judge VanDervort's recommendation and denied Movant's Section 2255 Motion. (Id., Document Nos. 94 and 95.)

**3.     Section 3582 Motions:**

Pursuant to a Standing Order entered on February 6, 2008, the District Court designated Movant for expedited consideration for reduction of his sentence pursuant to 18 U.S.C. §

3582(c)(2) based on the retroactive application of the November 1, 2007, amendment to the United States Sentencing Guidelines. (Criminal Action No. 3:05-00207, Document No. 66.) By Order entered on April 18, 2008, the District Court directed the United States to file any objections to a sentence reduction regarding Movant. (Id.) On April 23, 2008, the United States filed its Response stating no objection to a two-level sentence reduction. (Id., Document No. 67.) By Order entered on May 2, 2008, the District Court reduced Petitioner's sentence as to Count One from 140-months to 120-months. (Id., Document No. 68.) The District Court further noted that Movant remained "subject to the consecutive term of 60-months of imprisonment [as to Count Two] following the revised sentence." (Id.) On May 29, 2008, Movant filed his Notice of Appeal. (Id., Document No. 70.) By Per Curiam Opinion entered on October 27, 2008, the Fourth Circuit recognized that Movant's appeal was untimely and remanded the case to the District Court for a determination as to whether Movant could show excusable neglect or good cause for failing to file his appeal within the ten-day period provided by Rule 4(b)(1) of the Federal Rules of Appeal Procedure. (Id., Document No. 76.) By Order entered on October 29, 2008, the District Court directed Movant to file a Response explaining the reason he failed to file his notice of appeal within the ten-day period. (Id., Document No. 77.) On November 26, 2008, Movant filed his letter-form Response. (Id., Document No. 78.) By Memorandum Opinion and Order entered on December 8, 2008, the District Court determined that Movant failed to establish excusable neglect or good cause for failing to timely file his notice of appeal. (Id., Document No. 79.) By Per Curiam Opinion entered on March 27, 2009, the Fourth Circuit agreed with the District Court's determination that Movant failed to demonstrate good cause or excusable neglect to justify a relaxation of the ten-day appeal period and dismissed Movant's appeal. (Id., Document Nos. 84 and 85.)

On November 28, 2011, Movant filed his letter-form Motion for Reduction of Sentence Pursuant to Title 18 U.S.C. § 3582(c)(2). (Id., Document No. 98.) By Order entered on February 28, 2012, the District Court denied Movant's Section 3582(c)(2) Motion. (Id., Document No. 99.)

On March 29, 2012, Movant filed his second Motion for Reduction of Sentence Pursuant to Title 18 U.S.C. § 3582(c)(2) arguing that he was entitled to a sentence reduction based upon the Fair Sentencing Act of 2010. (Id., Document No. 100.) By Order entered on April 6, 2012, the District Court denied Movant's Section 3582(c)(2) Motion. (Id., Document No. 101.)

On November 13, 2014, Movant filed his third Motion for Reduction of Sentence Pursuant to Title 18 U.S.C. § 3582(c)(2). (Id., Document No. 109.) By Order entered on October 22, 2015, the District Court denied Movant's Section 3582(c)(2) Motion. (Id., Document No. 110.)

**4.    Motion for Sentence Reduction Based on *Johnson*:**

On June 14, 2016, Movant filed his letter-form Motion for Reduction of Sentence arguing that he was entitled to relief based upon Johnson v. United States, 576 U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). (Id., Document No. 111.) By Order entered on June 24, 2016, the District Court denied Movant's Motion after noting that "[n]either Talley' conviction nor his sentence rest on § 924(c)(1)'s definition of 'crime of violence.'" (Id., Document No. 112.) The District Court explained that Movant was "convicted and sentenced under 18 U.S.C. § 924(c)(1)'s provision pertaining to using or carrying a firearm during and relation to *drug trafficking*." (Id.)

**5.    Second Section 2255 Motion:**

On July 11, 2016, Movant, acting *pro se*, filed his second Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Civil Action No. 3:16-06179, Document No. 117.) In his Section 2255 Motion, Movant appears to allege that he is

4

entitled to relief based upon the United States Supreme Court's decisions in <u>Welch v. United States</u>, ___ U.S. ___, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016) and <u>Johnson v. United States</u>, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). (<u>Id.</u>) On September 21, 2016, the United States filed a Motion to Dismiss. (<u>Id.</u>, Document No. 121.) In support of its request for dismissal, the United States notes that the Fourth Circuit denied Movant's request for authorization to file a successive Section 2255 Motion. (<u>Id.</u>) The United States, therefore, argues that Movant's Section 2255 Motion is successive and should be denied. (<u>Id.</u>)

**6.     Request for Authorization to File a Successive Section 2255 Motion:**

On June 28, 2016, Movant, acing *pro se*, filed with the Fourth Circuit a "Motion for Authorization to File a Successive Motion Under 28 U.S.C. § 2255" pursuant to 28 U.S.C. § 2244. <u>In re: Kanton Talley</u>, Case No. 16-9782 (4th Cir.), Document No. 2. In support, Movant asserted that he was entitled to file a successive Section 2255 Motion based upon <u>Johnson</u>. <u>Id.</u> By Order entered on July 15, 2016, the Fourth Circuit denied Movant's Motion seeking authorization to file a second or successive application for relief under 28 U.S.C. § 2255. <u>Id.</u>, Document No. 8. Specifically, the Fourth Circuit determined that <u>Johnson</u> has no bearing on Movant's case because he "was neither sentenced pursuant to the ACCA nor was his Sentencing Guidelines range affected by prior conviction for a crime of violence." <u>Id.</u>

## **DISCUSSION**

The relevant portion of Section 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the

sentence.

In order to be cognizable under Section 2255, claims based on other than constitutional or jurisdictional grounds must present exceptional circumstances that justify permitting a collateral attack. Stated another way, the alleged error must amount to "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). Section 2255 is not a substitute for direct appeal. United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Accordingly, errors warranting a reversal on direct appeal will not necessarily support a collateral attack. Knight v. United States, 37 F.3d 769, 772 (1st Cir.1994). See United States v. Addonizio, 442 U.S. 178, 184, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). Failure to raise an issue presented in sentencing on direct appeal which is non-constitutional in nature amounts to a waiver of the right to contest the issue in Section 2255 proceedings. See United States v. Emanuel, 869 F.2d 795 (4th Cir. 1989).

With respect to issues which are constitutional in nature, absent a showing of good cause for and prejudice from failing to appeal as may be shown by a defendant in criminal proceedings, Section 2255 is no substitute, and the failure precludes Section 2255 review. Theodorou v. United States, 887 F.2d 1336, 1339-40 (7th Cir. 1989)("[A]bsent a showing of cause and prejudice, a defendant is barred from raising any constitutional challenge in a section 2255 proceeding which could have been raised on direct appeal."); See also United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994), cert. denied, 517 U.S. 1161, 116 S.Ct. 1555, 134 L.Ed.2d 657 (1996). The standard is conjunctive. As a general matter, therefore, movants must show good cause for and prejudice from their failure to raise any constitutional issues advanced under Section 2255 on direct appeal. See Theodorou, supra, 887 F.2d at 1340. Constitutional claims of ineffective assistance of counsel

6

are the exception. They are more properly raised in Section 2255 proceedings and not on direct appeal. United States v. Richardson, 195 F.3d 192 (4th Cir. 1999), cert. denied, 528 U.S. 1096, 120 S. Ct. 837, 145 L.Ed.2d 704 (2000).

The undersigned finds Movant's Section 2255 Motion to be a successive proceeding under Section 2255. Under the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28 U.S.C. § 2255 "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." To obtain certification from the Court of Appeals, the Movant must demonstrate that the Motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Nevertheless, this Court need not reach the issue of whether Movant's Motion actually contains newly discovered evidence or presents a new rule of constitutional law. "[B]efore a prisoner can pursue a qualifying 'second or successive' 2255 Petition, he must obtain authorization from the court of appeals." In re Goddard, 170 F.3d 435, 436 (4th Cir. 1999); See 28 U.S.C. § 2244(b)(3)(A). The record clearly reveals that the Fourth Circuit has denied Movant's request for authorization to file a successive Section 2255 Motion after considering Movant's claim that he is entitled to relief based upon Johnson and Welch. (Criminal Action No. 3:05-00207, Document No. 120.); In re: Kanton Talley, Case No. 16-9782 (4th Cir.), Document No. 8. A second or successive proceeding under Section 2255 may not be initiated without the certification/authorization of the appropriate Court of Appeals. Movant's Motion should be dismissed because Movant has proceeded under Section 2255 in the sentencing Court once before

and has not obtained certification/authorization to file a second or successive Motion from the Fourth Circuit Court of Appeals. See Burton v. Stewart, 549 U.S. 147, 153, 127 S.Ct. 793, 796, 166 L.Ed.2d 628 (2007)(holding that failure of a petitioner to obtain authorization of file a successive petition deprives the district court of jurisdiction); also see McNeil v. United States, 2016 WL 4660993 (E.D.N.C. Sept. 6, 2016)(dismissing movant's Section 2255 motion as successive where the Fourth Circuit denied movant's request for authorization to file a successive motion based on *Johnson*); Leite v. United States, 2016 WL 4060509 (W.D.N.C. July 26, 2016)(same); United States v. Gadsen, 2016 WL 3902832 (D.S.C. July 19, 2016)(same).

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **GRANT** the United States' Motion to Dismiss Case (Document No. 121) and **REMOVE** this matter from the Court's docket.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States Chief District Judge Robert C. Chambers. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, Movant shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this

time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, Chief District Judge Chambers, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant and counsel of record.

Date: February 10, 2017.

Omar J. Aboulhosn
United States Magistrate Judge